```
                              United States Bankruptcy Court
                              Middle District of Pennsylvania
In re:                                                              Case No. 19-02959-HWV
Joyce A. Mays                                                       Chapter 13
         Debtor            CERTIFICATE OF NOTICE
District/off: 0314-1         User: DGeorge              Page 1 of 2                  Date Rcvd: Aug 19, 2019
                             Form ID: pdf002            Total Noticed: 38
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 21, 2019.
```
db              +Joyce A. Mays,   133 N. Linden Street,   Harrisburg, PA 17103-1333
5220961          Bureau of Account Management,   3607 Rosemont Avenue, Suite 502,   P.O. Box 8875,
                  Camp Hill, PA 17001-8875
5220962         +Capital Region Water,   100 Pine Drive,   Harrisburg, PA 17103-1260
5220964          City Treasurer,   10 N. 2nd Street, Suite 103,   Harrisburg, PA 17101-1679
5220963         +City of Harrisburg-Law Bureau,   10 N. 2nd Street, Suite 402,   Harrisburg, PA 17101-1677
5220966         +Commonwealth of Pennsylvania,   Bureau of Labor and Industry,
                  Office of Unemp Comp Tax Services OUCTS,   PO Box 60848,   Harrisburg, PA 17106-0848
5220967         +Dauphin County Board of Commissioners,   P.O. Box 1295,   Harrisburg, PA 17108-1295
5220968         +Debt Recovery Solutions,   6800 Jericho Turnpike, Suite 113E,   Syosset, NY 11791-4401
5220970         +F.H. Cann & Associates, Inc.,   1600 Osgood Street,   Suite 20-2/120,
                  North Andover, MA 01845-1048
5220971        ++++FIRST NATIONAL BANK,   1 N SHORE CTR STE 503,   PITTSBURGH PA 15212-5837
                 (address filed with court:   First National Bank,   One North Shore Center,
                  Pittsburgh, PA 15212)
5220972         +Hamilton Health Center,   110 S. 17th Street,   Harrisburg, PA 17104-1123
5220975         +M&T Bank,   c/o Rebecca A. Solarz, Esquire,   KML Law Group, P.C.,
                  701 Market Street, Suite 5000,   Philadelphia, PA 19106-1541
5220978         +MedCare Equipment Company, LLC,   P.O. Box 5029,   Greensburg, PA 15601-5058
5220980         +Orthopedic Institute of Pennsylvania,   3399 Trindle Road,   Camp Hill, PA 17011-2286
5220981         +PECO Bankruptcy Group,   2301 Market Street, S4-2,   Philadelphia, PA 19103-1338
5220984         +PGW,   800 W. Montgomery Avenue,   Philadelphia, PA 19122-2806
5220985         +PHFA-HEMAP,   P.O. Box 2461,   Harrisburg, PA 17105-2461
5220988          PPL Electric Utilities,   827 Hausman Road,   Allentown, PA 18104-9392
5220983         +Pennsylvania Retina Specialists, PC,   220 Grandview Avenue,   Suite 200,
                  Camp Hill, PA 17011-1776
5220987          Pinnacle Health Hospitals,   P.O. Box 8700,   Harrisburg, PA 17105-8700
5220989         +Quest Diagnostics,   110 S. 17th Street,   Harrisburg, PA 17104-1123
5220990          The Arlington Group,   820 Sir Thomas Court,   Harrisburg, PA 17109-4839
5220991         +Torres Credit Service, Inc.,   P.O. Box 189,   Carlisle, PA 17013-0189
5220992         +U.S. Dept. of Housing and Urban Dev.,   Financial Control Accounting Division,
                  Cash & Securities, Room 3112,   451 7th Street SW,   Washington, DC 20410-0001
5220993          UGI South,   P.O. Box 15503,   Wilmington, DE 19886-5503
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
5220960         +E-mail/Text: EBN_Greensburg@Receivemorermp.com Aug 19 2019 19:36:29
                  Berks Credit Collections,   900 Corporate Drive,   Reading, PA 19605-3340
5220965         +E-mail/Text: documentfiling@lciinc.com Aug 19 2019 19:35:28      Comcast Corp.,   Comcast Center,
                  1701 JFK Blvd.,   Philadelphia, PA 19103-2899
5220969         +E-mail/Text: bknotice@ercbpo.com Aug 19 2019 19:36:06      Enhanced Recovery Company,
                  P.O. Box 57547,   Jacksonville, FL 32241-7547
5220973          E-mail/Text: cio.bncmail@irs.gov Aug 19 2019 19:35:39      Internal Revenue Service,
                  PO Box 21126,   Philadelphia, PA  19114
5220974         +E-mail/Text: BKRMailOPS@weltman.com Aug 19 2019 19:35:43      Kay Jewelers,   375 Ghent Road,
                  Fairlawn, OH 44333-4600
5220976          E-mail/Text: camanagement@mtb.com Aug 19 2019 19:35:43      M&T Bank,   P.O. Box 1288,
                  Buffalo, NY 14240-1288
5220977          E-mail/Text: camanagement@mtb.com Aug 19 2019 19:35:43      M&T Bank,   successor in interest to,
                  Dauphin Deposit Bank & Trust Co.,   213 Market Street,   Harrisburg, PA 17001
5220979         +E-mail/Text: Bankruptcies@nragroup.com Aug 19 2019 19:36:28      National Recovery Agency,
                  2491 Paxton Street,   Harrisburg, PA 17111-1036
5220986          E-mail/Text: blegal@phfa.org Aug 19 2019 19:36:04      PHFA/HEMAP,   211 North Front Street,
                  P.O. Box 8029,   Harrisburg, PA 17101
5220982          E-mail/Text: RVSVCBICNOTICE1@state.pa.us Aug 19 2019 19:35:59
                  Pennsylvania Department of Revenue,   Dept. 280946,   ATTN: Bankruptcy Division,
                  Harrisburg, PA  17128-0946
5220994          E-mail/Text: bkrcy@ugi.com Aug 19 2019 19:36:22      UGI Utilities,   2525 North 12th Street,
                  Suite 360,   Reading, PA 19605
5229106          E-mail/Text: bkrcy@ugi.com Aug 19 2019 19:36:22      UGI Utilities, Inc.,   P.O. Box 13009,
                  Reading, PA 19612
5220995         +E-mail/Text: wfmelectronicbankruptcynotifications@verizonwireless.com Aug 19 2019 19:35:26
                  Verizon,   500 Technology Drive,   Suite 300,   Weldon Spring, MO 63304-2225
                                                                                              TOTAL: 13

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
5233097*       ++PENNSYLVANIA HOUSING FINANCE AGENCY,   211 NORTH FRONT STREET,   HARRISBURG PA 17101-1406
                 (address filed with court:  PHFA/HEMAP,   211 NORTH FRONT ST,   PO BOX 8029,
                  HARRISBURG, PA 17105)
                                                                                   TOTALS: 0, * 1, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

***** BYPASSED RECIPIENTS (continued) *****

Addresses marked '++' were redirected to the recipient's preferred mailing address pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '++++' were corrected as required by the USPS Locatable Address Conversion System (LACS).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 21, 2019                                          Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 19, 2019 at the address(es) listed below:

        Charles J DeHart, III (Trustee)   TWecf@pamd13trustee.com
        Tracy Lynn Updike   on behalf of Debtor 1 Joyce A. Mays tupdike@ssbc-law.com, ssollenberger@ssbc-law.com
        United States Trustee    ustpregion03.ha.ecf@usdoj.gov

        TOTAL: 3

Rev. 12/01/18

# LOCAL BANKRUPTCY FORM 3015-1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

Joyce A. Mays

CHAPTER 13

CASE NO. 1 -bk- 19 - 02959-HWV

✓ ORIGINAL PLAN
___ AMENDED PLAN (Indicate 1st, 2nd, 3rd, etc.)

0 Number of Motions to Avoid Liens
4 Number of Motions to Value Collateral

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ✓ Included | Not Included |
| --- | --- | --- | --- |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ✓ Included | Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | Included | ✓ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1

1. **PLAN FUNDING AND LENGTH OF PLAN.**

    A. <u>**Plan Payments From Future Income**</u>

    1. To date, the Debtor paid $ 0.00 _____ (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $ 63,720.00 _____, plus other payments and property stated in § 1B below:

    | Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
    |---|---|---|---|---|---|
    | 09/2019 | 08/2024 | $1,062.00 |  | $1,062.00 | $63,720.00 |
    |  |  |  |  |  |  |
    |  |  |  |  |  |  |
    |  |  |  |  |  |  |
    |  |  |  |  |  |  |
    |  |  |  |  | Total Payments: | $63,720.00 |

    2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

    3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

    4. CHECK ONE: ( ✓ ) Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

        ( ) Debtor is over median income. Debtor estimates that a minimum of $ _____ must be paid to allowed unsecured creditors in order to comply with the Means Test.

2

B. **Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is $ 0.00 . (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

✓ No assets will be liquidated. *If this line is checked, the rest of § 1.B need not be completed or reproduced.*

☐ Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $ _____ from the sale of property known and designated as _____ . All sales shall be completed by _____ , 20___ . If the property does not sell by the date specified, then the disposition of the property shall be as follows: _____

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: _____

2. **SECURED CLAIMS.**

A. **Pre-Confirmation Distributions.** *Check one.*

✓ None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

☐ Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

3

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one.*

✓   None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

☐   Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

4

C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** *Check one.*

✓ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

☐ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Postpetition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

D. **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**

☐ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

✓ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

5

1. The allowed secured claims listed below shall be paid in full and their liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| Capital Region Water | Residence at 133 N. Linden Street, Harrisburg, PA | $1,751.62 | | $1,751.62 |
| Harrisburg City Treasurer/Law Bureau | Residence at 133 N. Linden Street, Harrisburg, PA | Per POC - est. at $1,879.63 | | Per POC - est. at $1,879.63 |
| M&T Bank loan ending in #7931 | Residence at 133 N. Linden Street, Harrisburg, PA | Per POC - est. at $44,018.98 | 6.25% In re Till | $51,368.40 |

E. **Secured claims for which a § 506 valuation is applicable.** *Check one.*

    ☐ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

    ✓ Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary or other action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

6

Case 1:19-bk-02959-HWV    Doc 17    Filed 08/05/19    Entered 08/05/19 11:17:24    Desc
Main Document    Page 6 of 15
Case 1:19-bk-02959-HWV    Doc 29    Filed 08/21/19    Entered 08/22/19 00:40:37    Desc
Imaged Certificate of Notice    Page 8 of 17

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan, Adversary or Other Action |
|---|---|---|---|---|---|
| US Department of HUD | Residence at 133 N. Linden Street, Harrisburg, PA | $0.00 | | $0.00 | Motion |
| Dauphin County Board of Commissioners | Residence at 133 N. Linden Street, Harrisburg, PA | $0.00 | | $0.00 | Motion |
| Continued in Paragraph 9 | | | | | |

F. **Surrender of Collateral.** *Check one.*

✓ None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

☐ The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor requests that upon confirmation of this plan or upon approval of any modified plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| | |
| | |
| | |

G. **Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

✓ None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

7

☐ The Debtor moves to avoid the following judicial and/or nonpossessory, nonpurchase money liens of the following creditors pursuant to § 522(f) (this § should not be used for statutory or consensual liens such as mortgages).

| Name of Lien Holder | | | |
|---|---|---|---|
| Lien Description<br>For judicial lien, include court and docket number. | | | |
| Description of the liened property | | | |
| Liened Asset Value | | | |
| Sum of Senior Liens | | | |
| Exemption Claimed | | | |
| Amount of Lien | | | |
| Amount Avoided | | | |

### 3. PRIORITY CLAIMS.

#### A. Administrative Claims

1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

2. <u>Attorney's fees</u>. Complete only one of the following options:

   a. In addition to the retainer of $ 0.00 already paid by the Debtor, the amount of $ 4,000.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

   b. $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

3. <u>Other</u>. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

   ☑ None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

   ☐ The following administrative claims will be paid in full.

8

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |
|  |  |

**B. Priority Claims (including, certain Domestic Support Obligations**

Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |
|  |  |
|  |  |

**C. Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*

✓    None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

☐    The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. *This plan provision requires that payments in § 1.A. be for a term of 60 months (see 11 U.S.C. §1322(a)(4)).*

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |

9

Case 1:19-bk-02959-HWV    Doc 17    Filed 08/05/19    Entered 08/05/19 11:17:24    Desc
Main Document    Page 9 of 15
Case 1:19-bk-02959-HWV    Doc 29    Filed 08/21/19    Entered 08/22/19 00:40:37    Desc
Imaged Certificate of Notice    Page 11 of 17

## 4. UNSECURED CLAIMS

A. **Claims of Unsecured Nonpriority Creditors Specially Classified.** *Check one of the following two lines.*

☑ None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

☐ To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other, unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the proof of claim shall apply.

| Name of Creditor | Reason for Special Classification | Estimated Amount of Claim | Interest Rate | Estimated Total Payment |
|---|---|---|---|---|
|  |  |  |  |  |

B. Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.

## 5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES. *Check one of the following two lines.*

☑ None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

☐ The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

| Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |

10

Case 1:19-bk-02959-HWV    Doc 17    Filed 08/05/19    Entered 08/05/19 11:17:24    Desc
Main Document    Page 10 of 15
Case 1:19-bk-02959-HWV    Doc 29    Filed 08/21/19    Entered 08/22/19 00:40:37    Desc
Imaged Certificate of Notice    Page 12 of 17

Rev. 12/01/18

## 6. VESTING OF PROPERTY OF THE ESTATE.

**Property of the estate will vest in the Debtor upon**

*Check the applicable line:*

___ plan confirmation.
___ entry of discharge.
_✓_ closing of case.

## 7. DISCHARGE: (Check one)

(✓) The debtor will seek a discharge pursuant to § 1328(a).
(  ) The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

## 8. ORDER OF DISTRIBUTION:

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:

Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

11

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

## 9. NONSTANDARD PLAN PROVISIONS

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

Paragraph 2.E. continued. Secured claims for which a Section 506 valuation is applicable.

| Name of Creditor | Collateral | Value | Interest Rate | Payment | Plan/Adversary/Other Action |
|---|---|---|---|---|---|
| M&T Bank successor to Allfirst/Dauphin Deposit | Residence at 133 Linden St., Hbg. | $0.00 | | $0.00 | Motion |
| PHFA/HEMAP | Residence at 133 Linden St., Hbg. | $0.00 | | $0.00 | Motion |

See attached Rider for additional provisions.

Dated: 8/5/19        _____
                     Attorney for Debtor

                     _____
                     Debtor

                     _____
                     Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

12

Case 1:19-bk-02959-HWV    Doc 17    Filed 08/05/19    Entered 08/05/19 11:17:24    Desc
Main Document    Page 12 of 15
Case 1:19-bk-02959-HWV    Doc 29    Filed 08/21/19    Entered 08/22/19 00:40:37    Desc
Imaged Certificate of Notice    Page 14 of 17

Rider to Paragraph 9 - Other Plan Provisions

Any purchase money liens, to the extent that they exist as to the Debtor's property, shall be divested and avoided at discharge.

In accord with its treatment in Paragraph 2.D. of this Plan, M&T Bank shall satisfy the mortgage of record recorded in the Recorder of Deeds for Dauphin County, Pennsylvania and located at Book 2552, Page 047 within thirty (30) days of the entry of the discharge order in this case or attorney for Debtor can submit an order to this Court on its behalf. Confirmation of this Plan shall impose an affirmative and direct duty on such secured party to comply with this provision and upon failure to so comply, M&T Bank will be provided a ten (10) day notice of default at the address provided in its proof of claim. If such provision is still not complied with following such ten (10) day notice of default, such party will be liable for liquidated and fixed damages of no less than $2,000.00 plus reasonable legal fees and, in appropriate cases, for special damages and punitive damages. This provision shall be enforced in a proceeding filed before the Bankruptcy Court and M&T Bank consents to such jurisdiction by failure to file any timely objection to this Plan. Such an enforcement proceeding may be filed by the Debtor in this case after the entry of the discharge order and either before or after the closing of this case. The Debtor specifically reserves the right to file a motion to reopen this case under Section 350 of Title 11 of the United States Code to pursue the rights and claims provided for herein.

Beginning with the payments due after the filing of the Chapter 13 Petition, all future payments on real estate taxes, homeowners insurance and municipal services are to be made directly to the appropriate parties post-petition.

In accord with its treatment in Paragraph 2.E. of this Plan, the US Department of HUD shall satisfy the mortgage of record recorded in the Recorder of Deeds for Dauphin County, Pennsylvania and located at Book 2552, Page 053 within thirty (30) days of the entry of the discharge order in this case or attorney for Debtor can submit an order to this Court on its behalf. Confirmation of this Plan shall impose an affirmative and direct duty on such secured party to comply with this provision and upon failure to so comply, the US Department of HUD will be provided a ten (10) day notice of default at the address provided in its proof of claim. If such provision is still not complied with following such ten (10) day notice of default, such party will be liable for liquidated and fixed damages of no less than $2,000.00 plus reasonable legal fees and, in appropriate cases, for special damages and punitive damages. This provision shall be enforced in a proceeding filed before the Bankruptcy Court and the US Department of HUD consents to such jurisdiction by failure to file any timely objection to this Plan. Such an enforcement proceeding may be filed by the Debtor in this case after the entry of the discharge order and either before or after the closing of this case. The Debtor specifically reserves the right to file a motion to reopen this case under Section 350 of Title 11 of the United States Code to pursue the rights and claims provided for herein.

In accord with its treatment in Paragraph 2.E. of this Plan, the Dauphin County Board of Commissioners shall satisfy the mortgage of record recorded in the Recorder of Deeds for Dauphin County, Pennsylvania and located at Book 2552, Page 064 within thirty (30) days of the entry of the discharge order in this case or attorney for Debtor can submit an order to this Court on its behalf. Confirmation of this Plan shall impose an affirmative and direct duty on such secured party to comply with this provision and upon failure to so comply, the Dauphin County Board of

Commissioners will be provided a ten (10) day notice of default at the address provided in its proof of claim. If such provision is still not complied with following such ten (10) day notice of default, such party will be liable for liquidated and fixed damages of no less than $2,000.00 plus reasonable legal fees and, in appropriate cases, for special damages and punitive damages. This provision shall be enforced in a proceeding filed before the Bankruptcy Court and the Dauphin County Board of Commissioners consents to such jurisdiction by failure to file any timely objection to this Plan. Such an enforcement proceeding may be filed by the Debtor in this case after the entry of the discharge order and either before or after the closing of this case. The Debtor specifically reserves the right to file a motion to reopen this case under Section 350 of Title 11 of the United States Code to pursue the rights and claims provided for herein.

In accord with its treatment in Paragraph 2.E. of this Plan, M&T Bank as successor to Allfirst Bank as successor to Dauphin Deposit & Trust Company ("M&T Bank") shall satisfy the mortgage of record recorded in the Recorder of Deeds for Dauphin County, Pennsylvania and located at Book 2552, Page 069 within thirty (30) days of the entry of the discharge order in this case or attorney for Debtor can submit an order to this Court on its behalf. Confirmation of this Plan shall impose an affirmative and direct duty on such secured party to comply with this provision and upon failure to so comply, M&T Bank will be provided a ten (10) day notice of default at the address provided in its proof of claim. If such provision is still not complied with following such ten (10) day notice of default, such party will be liable for liquidated and fixed damages of no less than $2,000.00 plus reasonable legal fees and, in appropriate cases, for special damages and punitive damages. This provision shall be enforced in a proceeding filed before the Bankruptcy Court and M&T Bank consents to such jurisdiction by failure to file any timely objection to this Plan. Such an enforcement proceeding may be filed by the Debtor in this case after the entry of the discharge order and either before or after the closing of this case. The Debtor specifically reserves the right to file a motion to reopen this case under Section 350 of Title 11 of the United States Code to pursue the rights and claims provided for herein.

In accord with its treatment in Paragraph 2.E. of this Plan, PHFA/HEMAP shall satisfy the mortgage of record recorded in the Recorder of Deeds for Dauphin County, Pennsylvania and located at Instrument #20140006077 within thirty (30) days of the entry of the discharge order in this case or attorney for Debtor can submit an order to this Court on its behalf. Confirmation of this Plan shall impose an affirmative and direct duty on such secured party to comply with this provision and upon failure to so comply, PHFA/HEMAP will be provided a ten (10) day notice of default at the address provided in its proof of claim. If such provision is still not complied with following such ten (10) day notice of default, such party will be liable for liquidated and fixed damages of no less than $2,000.00 plus reasonable legal fees and, in appropriate cases, for special damages and punitive damages. This provision shall be enforced in a proceeding filed before the Bankruptcy Court and PHFA/HEMAP consents to such jurisdiction by failure to file any timely objection to this Plan. Such an enforcement proceeding may be filed by the Debtor in this case after the entry of the discharge order and either before or after the closing of this case. The Debtor specifically reserves the right to file a motion to reopen this case under Section 350 of Title 11 of the United States Code to pursue the rights and claims provided for herein.

Property surrendered by the Debtor shall be surrendered in full satisfaction of creditors' claims.

Claims accruing post-petition are provided for by this plan and may be paid through the plan at the election of the Debtor, to the detriment of general, unsecured claims.

Confirmation of the Plan shall invoke the protection of 11 U.S.C. Section 1301. The proof of claim filed by the creditor, and not objected to by the Debtor, or filed by the Debtor on behalf of the creditor, shall constitute a designation of the total amount owed to the creditor.

The Plan filed by the Debtor specifically rejects any contractual provisions which could or may impose on the Debtor the obligation to submit to binding arbitration or alternative dispute resolution.

Debtor reserves the right to object to claims post-confirmation. The reservation of this right does not impose any duty on the Trustee with regard to distribution of the plan proceeds to claims that are prima facie valid at the time of confirmation.