UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| | : | |
| JOYCE A. MAYS | : | CASE NO. 1-19-02959-HWV |
| | : | |
| Debtor | : | |
| | : | |
| JOYCE A. MAYS | : | 133 Linden Street |
| | : | Harrisburg, Pennsylvania |
| Movant | : | |
| | : | |
| v. | : | |
| | : | |
| U.S. DEPARTMENT OF HOUSING AND | : | |
| URBAN DEVELOPMENT, DAUPHIN | : | |
| COUNTY BOARD OF | : | |
| COMMISSIONERS, M&T BANK | : | |
| as successor to ALLFIRST BANK and as | : | |
| successor to DAUPHIN DEPOSIT BANK | : | |
| AND TRUST CO., and PHFA/HEMAP, | : | |
| | : | |
| Respondents | : | |

**ORDER DETERMINING SECURED STATUS/VALUATION OF SECURITY**

The Motion of the Debtor, Joyce A. Mays, for Determination of Secured Status/Valuation of Security ("Motion") having come this day before the Court, and based upon the Debtor's assertions made in support of the Motion, following notice to creditors in the above case and an opportunity for a hearing thereon, the Court FINDS as follows:

A. The value of Debtor's real property (the "Real Property") located at 133 Linden Street, Harrisburg, Dauphin County, Pennsylvania, Tax Parcel No. 08-024-042, is $36,989.00 at the time of the filing of this case.

B. The total of all claims secured by liens on the Real Property senior to the liens of the U.S. Department of Housing and Urban Development, Dauphin County Board of Commissioners, M&T Bank as successor to Allfirst Bank and as successor to Dauphin Deposit Bank and Trust Co., and PHFA/HEMAP (the "Respondents") is $47,668.23.

C. The equity remaining in the Real Property after payment of all claims secured by liens senior to the liens of the Respondents is $0.00 and Respondents have a secured interest in the Real Property in such amount.

Consequently, it is **HEREBY ORDERED** as follows:

1.  The Motion is **GRANTED**.

2.  Respondents each have an allowed secured claim in the amount of $0.00.

3.  Because Respondents' secured interest is $0.00 the following mortgages shall be deemed void and shall be extinguished automatically without further order of the Court, upon entry of the Debtor's discharge in this Chapter 13 case:

| Respondent | Recording Date | Recording Location |
|---|---|---|
| U.S. Department of Housing and Urban Development | 1/30/1996 | Dauphin County Recorder of Deeds, Harrisburg, PA Book 2552 Page 53 |
| Dauphin County Board of Commissioners | 1/30/1996 | Dauphin County Recorder of Deeds, Harrisburg, PA Book 2552 Page 64 |
| M&T Bank as successor to Allfirst Bank and Dauphin Deposit Bank & Trust Co. | 1/30/1996 | Dauphin County Recorder of Deeds, Harrisburg, PA Book 2552 Page 69 |
| PHFA-HEMAP | 3/19/2014 | Dauphin County Recorder of Deeds, Harrisburg, PA Instrument #20140006077 |

4   If this case is converted or dismissed, Respondents' mortgages will no longer be considered void and shall be restored as a lien on the Real Property.

5.  As of the date of this Order, no Respondent has filed a proof of claim in this case. The last date for government claims is January 6, 2020. To the extent any of the Respondents file a timely proof of claim, it shall be classified as a general unsecured claim, regardless of the original classification in the proof of claim as filed.

6.  The Real Property may not be sold or refinanced during the case without proper notice and further order of the Court.

7.  Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this Chapter 13 case.

Dated: August 30, 2019

By the Court,

_____

Henry W. Van Eck, Bankruptcy Judge (JH)